UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>MICHAEL WYMAN,<br><br>Debtor. | Chapter 7<br>Case No. 14-15423-WCH |

### APPLICATION OF CHAPTER 7 TRUSTEE FOR ORDER AUTHORIZING EMPLOYMENT OF SPECIAL COUNSEL

To the Honorable William C. Hillman, Bankruptcy Judge:

Now comes Debora A. Casey, the chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of the above-captioned debtor (the "Debtor"), and hereby requests that this Court enter an Order authorizing her to employ Thomas P. Harrison ("Harrison"), Of Counsel at WaltersLacey LLP ("Walters") as her special counsel to advise and assist her in connection with the disposition of the Estate's interest in various real properties. In support of this application (the "Application"), the Trustee states as follows:

### BACKGROUND

1. On November 20, 2014 (the "Petition Date"), the Debtor commenced a bankruptcy proceeding by filing a petition for relief under Chapter 7 of the United States Bankruptcy Code ("Bankruptcy Code").

2. The Trustee is the duly appointed chapter 7 Trustee of the Debtor.

3. As of the Petition Date, the Debtor had a direct ownership interest in two parcels of real property. Additionally, the Debtor asserts to be a fifty percent (50%) trustee and beneficiary of four additional real properties standing in the name of the M&M Wyman Trust.

1

The remaining legal and beneficial interest is held by Maurice Wyman, the Debtor's brother, who is also in bankruptcy.

4. The Trustee is evaluating the Debtor's direct and indirect interest in each of the properties and the value that may be derived from a public or private sale of the respective properties. The Trustee seeks to retain special real estate counsel to assist in consummating any sale transaction.

## RETENTION OF SPECIAL COUNSEL

5. The Trustee seeks authority to employ Harrison to assist her with all matters relative to the disposition of the real properties including reviewing offers, drafting purchase and sale agreements, reviewing draft settlement statements, drafting deeds and other related documents, attending a closing, and performing all services as may be required by the Trustee associated with the sale of the real properties and the closing thereon.

6. Harrison is a former shareholder at Murphy & King, Professional Corporation ("M&K"), which firm is serving in this case as the Trustee's general bankruptcy counsel. The Trustee has a longstanding relationship with Harrison, who specializes in real estate matters. Harrison has assisted the Trustee in the sale of numerous parcels of real estate in a number of different bankruptcy cases. The Trustee believes his employment is in the best interests of the Estate and that Harrison is uniquely qualified to represent the Trustee with respect to the sale and the closing of the sale of the real properties because of his experience and familiarity with real estate matters, including in the bankruptcy context. Further, Harrison's hourly rate of $300 per hour is lower than hourly rates typically charged by most Boston-based firms and therefore, Harrison will be able to perform the proposed services on a cost-effective basis.

7. The Trustee, Harrison, and M&K will ensure there is no duplication of efforts

2

between Harrison and M&K.

8. Subject to this Court's approval in accordance with applicable bankruptcy law, Harrison and Walters shall be compensated for services at their ordinary and customary hourly rates in effect at the time the services are rendered, and shall be reimbursed for their cash disbursements and for such reasonable and necessary expenses as the firm customarily bills its clients.

## DISINTERESTEDNESS OF COUNSEL

9. In connection with the Application, filed simultaneously herewith is the *Affidavit of Thomas P. Harrison in Support of Application of Chapter 7 Trustee for Order Authorizing Employment of Real Estate Counsel* (the "Affidavit") in accordance with Federal Rules of Bankruptcy Procedure 2014 and 2016, and MLBR 2014-1 and 2016-1.

10. To the best of the Trustee's knowledge, information and belief, neither Harrison nor Walters have any connection with the Debtor, creditors or any other party in interest, their respective attorneys or accountants, the United States Trustee or any person employed in the office of the United States Trustee, except as set for the in the Affidavit and in the Application.

11. To the best of the Trustee's knowledge, Harrison and Walters are "disinterested persons" as that term is defined in 11 U.S.C. §101(14).

12. Approval of this application is in the best interests of the estate. Harrison and Walters will provide the Trustee with the professional expertise required to facilitate the sale of the real properties.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an Order:

(i) Authorizing the employment of Harrison and Walters as her special counsel with respect to the sale of any of the real properties on the terms set forth herein;

3

    (ii)    Granting her such other relief as is just and proper.

> Debora A. Casey,
> Chapter 7 Trustee,
> By her counsel:
>
> /s/ Andrew G. Lizotte
> Andrew G. Lizotte (BBO #559609)
> Murphy & King, Professional Corporation
> One Beacon Street
> Boston, MA  02108
> (617) 423-0400
> Email:  ALizotte@murphyking.com

DATED:  March 13, 2015
685268